UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIO VALDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CORTLEN S. FLAX, STATE CORRECTIONAL OFFICER, and JOHN DOE, STATE CORRECTIONAL OFFICER,<br><br>    Defendants. | Civ. No. 17-3848 (RBK) (AMD)<br><br><br><br>OPINION |

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff, Julio Valdez, is a state prisoner currently incarcerated at Southern State Correctional Facility in Delmont, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff submitted for filing his complaint, together with an application for appointment of pro bono counsel. For the reasons set forth below, the complaint will be permitted to proceed in part. In addition, this Court will direct the Clerk to appoint pro bono counsel to represent Plaintiff in the instant matter.

## II.    FACTUAL BACKGROUND

Plaintiff filed this complaint against several employees of South Woods State Prison ("SWSP"), including Corrections Officer Cortlen S. Flax and Corrections Officer(s) John Doe(s), alleging violations of his Eighth Amendment rights. The following factual allegations are taken from the complaint and are accepted as true for purposes of this screening only.

Plaintiff alleges that he was assaulted by Officer Flax while he was incarcerated at SWSP on or about February 14, 2017. (Dkt. No. 1 at pp. 6-7). Plaintiff claims that without provocation

1

or warning, Officer Flax entered Plaintiff's cell and attacked Plaintiff with closed fists, punching him repeatedly in the head and eventually knocking him unconscious. (*See id.* at p. 8).

Plaintiff also alleges that he was denied medical treatment for his wounds despite requesting medical attention from unidentified corrections officers after the attack. (*See id.*) Additionally, Plaintiff claims that unidentified corrections officers witnessed the incident and did nothing to stop Officer Flax from attacking Plaintiff. (*See id.*). Plaintiff asserts claims against Officer Flax and the unidentified corrections officers in both their official and individual capacities. (*See id.* at p. 9). Plaintiff further states that the incident was investigated by the Cumberland County Prosecutor's Office, resulting in the filing of criminal charges against Officer Flax. (*See id.* at pp. 5, 15-17).

Plaintiff states that he suffered severe and permanent injuries to his left ear, including a ruptured ear drum, as well as psychological trauma as a result of the assault. (*See id.* at p. 11). Plaintiff requests that this Court grant him relief in the form of $1,000,000 in punitive damages against each defendant, $1,000,000 in declaratory damages against each defendant, $1,000,000 in compensatory damages against each defendant, $1,000,000 in consequential damages against each defendant, and future medical expenses. (*See id.*).

Furthermore, Plaintiff makes an application for the appointment of pro bono counsel. (*See id.* at p. 12). Plaintiff states that he cannot speak, read, or write English. (*See id.*). Additionally, Plaintiff claims that he does not have access to Spanish-speaking paralegals in the law library to help assist him in his future filings with the court. (*See id.* at p. 13).

### III.    STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress

against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *See United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The court should "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

## IV.  DISCUSSION

Plaintiff asserts numerous claims against Officer Flax and Officer(s) Doe(s) in their official and individual capacities for violations of his Eighth Amendment rights. He raises claims for excessive force, failure to intervene, and denial of medical treatment. He also raises common law assault and battery claims.

### A. Eleventh Amendment Implications

To the extent Plaintiff seeks monetary damages from Officer Flax and Officer(s) Doe(s) in their official capacities, he is barred by the Eleventh Amendment. Eleventh Amendment immunity "protects both states and state agencies 'as long as the state is the real party in interest.'" *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989)). A suit against a public official "in his or her official

capacity is not a suit against the official but rather is a suit against the official's office." *Printz v. United States*, 521 U.S. 898, 930-31 (1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see also Smith v. New Jersey*, 908 F. Supp. 2d 560, 563-64 (D.N.J. 2012). Plaintiff's claims for monetary damages from Officer Flax and Officer(s) Doe(s) in their official capacities must therefore be dismissed with prejudice.

**B. Eighth Amendment Excessive Force Claim**

Plaintiff alleges that Officer Flax entered his cell and assaulted him without warning or provocation. Because Plaintiff is a convicted state prisoner, these allegations suggest that Plaintiff is asserting that Officer Flax used excessive force against him in violation of the Eighth Amendment. *See Graham v. Connor*, 490 U.S. 386, 392-94 (1989) (cases involving the use of force against convicted individuals are examined under the Eighth Amendment's proscription against cruel and unusual punishment).

"The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). In its prohibition of cruel and unusual punishments, "[t]he Eighth Amendment also imposes duties on prison officials, 'who must provide humane conditions of confinement' . . . and must take reasonable measures to guarantee the safety of inmates." *Durham v. Dep't of Corr.*, 173 F. App'x 154, 156 (3d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

In other words, the Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. *See Rhodes*, 452 U.S. at 346-47. "No static 'test' can exist by which courts

determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" *Id.* at 346 (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)).

Construing all inferences in Plaintiff's favor, as the Court must do at this preliminary screening stage, this Court finds that Plaintiff has pled facts sufficient to state a plausible claim for relief necessary to withstand summary dismissal at this time. Plaintiff alleges that he did not instigate or provoke the assault by Officer Flax, that he suffered severe injuries requiring medical attention as a result of the assault, and that the Cumberland County Prosecutor's Office investigated the incident and brought criminal charges against Officer Flax. Therefore, the Court will allow Plaintiff's Eighth Amendment excessive force claim to proceed at this time against Officer Flax in his individual capacity.

### C. Eight Amendment Failure to Intervene Claim

Plaintiff also alleges that unidentified corrections[1] officers witnessed Officer Flax's assault on Plaintiff and failed to intervene. (Dkt. No. 1 at p. 8). The Third Circuit has held that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). "[A] corrections officer cannot escape liability by relying upon his inferior or non-supervisory rank vis-a-vis the other officers." *Id.* "However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Id.* at 651.

---

[1] It is well established that a plaintiff may name "fictitious defendants as stand-ins until the identities can be learned through discovery." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (citing *Hindes v. FDIC*, 137 F.3d 148, 155 (3d Cir. 1998)).

Again construing all inferences in Plaintiff's favor, the unidentified corrections officers had the opportunity to intervene during Officer Flax's assault on Plaintiff but failed to do so. (Dkt. No. 1 at p. 8). Therefore, this Court will allow Plaintiff's Eighth Amendment failure to intervene claim to proceed at this time against Officer(s) Doe(s) in their individual capacities. The service on Officer(s) Doe(s), however, will not be ordered because, as a practical matter, the United States Marshal cannot serve a summons and complaint on unidentified defendants. *See Haines v. Does*, No. 07-5387, 2008 WL 1766622, at *23 (D.N.J. Apr. 11, 2008). If and when Plaintiff discovers the names of these officer(s), he can seek to amend his complaint to add their names so that the complaint can then be served on these individuals.

### D. Eighth Amendment Denial of Medical Treatment Claim

Additionally, Plaintiff appears to state a denial of medical treatment claim against the unidentified corrections officers. To prevail on a denial of medical care claim under the Eighth Amendment, the inmate must show that the defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 285, 291 (1995); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

Here, Plaintiff alleges that Officer Flax attacked him by repeatedly punching him in the head, ultimately knocking him unconscious and resulting in a ruptured ear drum. (*See* Dkt. No. 1 at p. 8). Plaintiff also claims that unidentified prison officials refused to provide any medical attention to Plaintiff immediately following the attack, despite Plaintiff's repeated requests for medical treatment. (*See id.*). Construing all reasonable inferences in Plaintiff's favor, Plaintiff has sufficiently stated an Eighth Amendment denial of medical treatment claim. Therefore, this

Court will permit Plaintiff's denial of medical care claim against Officer(s) Doe(s) in their individual capacity to proceed past the *sua sponte* dismissal stage.

### E. State Law Assault and Battery Claim

Plaintiff also appears to assert a common law assault and battery claim against Officer Flax with respect to the incident. There is no original jurisdiction over this claim because diversity between the parties under 28 U.S.C. § 1332(a) does not exist. However, even if there is no original jurisdiction based on diversity of citizenship, this Court would be inclined to grant supplemental jurisdiction over the state law assault and battery claim, pursuant to 28 U.S.C. § 1367(a), because the claim is related to the excessive force claim over which the Court has original jurisdiction under 42 U.S.C. § 1983. Therefore, Plaintiff's common law assault and battery claim against Officer Flax in his individual capacity will be allowed to proceed past the screening stage.

### F. Appointment of Pro Bono Counsel

Furthermore, Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). In deciding whether to appoint pro bono counsel, courts first must consider whether the plaintiff's claim "has some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (quotation omitted).

If the court finds that the plaintiff's claim is meritorious, the court should consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;

> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list of factors is not exhaustive, nor is a single factor determinative. *Id.* at 458. Instead, the factors serve as guideposts for district courts to ensure valuable attorney time is not wasted on frivolous cases. *Id.*

With respect to the first factor, the Third Circuit instructed district courts to "consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. A plaintiff's ability to understand English is also relevant to his ability to present his case. *Id.* Courts should also consider the "degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue [such] investigation." *Id.*

Applying the *Tabron* factors to the instant case, this Court concludes that appointment of pro bono counsel is justified. Plaintiff's stated inability to both comprehend and express himself in English indicates to this Court that Plaintiff is unlikely to be capable of pursuing his claims. Additionally, the Cumberland County Prosecutor's pending criminal charges against Officer Flax create complex legal and evidentiary implications in this matter. Moreover, the degree of factual investigation required in this matter likely will be potentially unavailable to Plaintiff due to his incarceration. This case is also likely to hinge on the credibility of the parties and fact witnesses, thus necessitating pro bono counsel. Finally, Plaintiff's account statement unambiguously indicates that he is indigent and cannot afford private counsel.

Therefore, this Court finds that appointment of pro bono counsel to Plaintiff is in the interests of justice and will direct the Clerk accordingly.

## V. CONCLUSION

For the reasons set forth above, this Court will dismiss with prejudice Plaintiff's Eighth Amendment claims against Office Flax and Officer(s) Doe(s) in their official capacity. This Court will allow Plaintiff's Eight Amendment excessive force and common law claims against Officer Flax in his individual capacity as well as Plaintiff's Eighth Amendment failure to intervene and denial of medical treatment claims against Officer(s) Doe(s) in their individual capacities to proceed to the next stage. This Court will also direct the Clerk to appoint pro bono counsel to represent Plaintiff in the instant matter. An appropriate Order will be entered.

DATED: December 28, 2017                s/Robert B. Kugler__
                                        ROBERT B. KUGLER
                                        United States District Judge